**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| OPTIMUM LABORATORY SERVICES, LLC, an Oklahoma limited liability company, <br><br> PLAINTIFF, <br><br> V. <br><br> EAST EL PASO PHYSICIANS' MEDICAL CENTER LLC, dba FOUNDATION SURGICAL HOSPITAL OF EL PASO, <br><br> DEFENDANTS. | Case No. 20-CV-07 |

**VERIFIED PETITION AND APPLICATION FOR ORDER
TO CONFIRM ARBITRATION AWARD**

Plaintiff, Optimum Laboratory Services, LLC ("Optimum"), pursuant to 9 U.S.C. §§ 9 and 13, petitions and applies to this Court for an order confirming the arbitration award attached as **Exhibit "1"** (the "Final Award"), which was previously entered in an arbitration between Optimum and Defendant, East El Paso Physicians' Medical Center LLC, d/b/a Foundation Surgical Hospital of El Paso ("EEPPMC") before the American Health Lawyers Association (the "AHLA"), AHLA No. 4441 (the "Arbitration"). In support of this Petition and Application, Optimum represents the following to the Court:

**PARTIES**

1. Plaintiff, Optimum, is an Oklahoma limited liability company with its principal place of business in Oklahoma.

2. Defendant, EEPPMC, is a Texas limited liability company with its principal place of business in El Paso, Texas.

## JURISDICTION AND VENUE

1. The jurisdiction of the Court over the subject matter of this action is predicated on 9 U.S.C. § 9 and diversity jurisdiction under 28 U.S.C. § 1332, because the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and the claims asserted are between citizens of different states.

2. EEPPMC resides in this judicial district, and all or a substantial part of the events giving rise to Optimum's asserted claims occurred in this judicial district. Venue is, therefore, proper in this Court, pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

3. Effective July 15, 2015, Optimum and EEPPMC entered into a Management Services Agreement for Clinical Diagnostic Laboratory Services (the "Agreement"). A true and correct copy of the Agreement is attached as **Exhibit "2"**, and fully incorporated by this reference for all purposes.

4. The Agreement contains an arbitration clause, which provides in pertinent part--

> If the Dispute has not been resolved by mediation, then except as otherwise provided in this section, the Dispute shall be determined by arbitration in El Paso, Texas, in accordance with the Rules for Arbitration of the American Health Lawyers Association Alternative Dispute Resolution Service . . . Arbitration shall be undertaken pursuant to the Federal Arbitration Act, and judgment on the award rendered by the arbitrators may be entered in any court of competent jurisdiction.

(**Ex. "1"**, Agreement at § 6.8.2.)

5. On February 14, 2018, the Arbitration was initiated in El Paso, Texas.

6. On June 19-20, 2019, a hearing on the merits was held in the Arbitration.

7. On August 27, 2019, a hearing on damages was held in the Arbitration.

8.  On January 9, 2020, the Final Award was issued in the Arbitration. (**Ex. "1"**, Final Award).

## COUNT I:  CONFIRMATION OF ARBITRATION AWARD

9.  Optimum hereby adopts and incorporates by reference all statements and allegations contained in the paragraphs above as if fully set forth herein and further states:

10.  The arbitration clause in the Agreement states that a "judgment on the award rendered by the arbitrators may be entered in any court having jurisdiction." (**Ex. "1"**, Agreement at § 6.8.2.)

11.  Rule 7.10 of the AHLA Rules of Procedure for Arbitration provide that "[a]n award may be entered and enforced in any state or federal court with jurisdiction over a case."

12.  The Federal Arbitration Act provides that when (such as here) the parties' arbitration clause includes an agreement that "a judgment of the court shall be entered upon the award made pursuant to the arbitration" without specifying a court, "then at any time within one year after the award is made any party to the arbitration may apply . . . to the United States court in and for the district within which such award was made." 9 U.S.C. § 9.

13.  The FAA also provides that "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." Id.

14.  The Final Award has not been vacated, modified, or corrected.

15.  Optimum is entitled to confirmation of the Final Award pursuant to the arbitration clause in the parties' Agreement, Rule 7.10 of the AHLA Rules of Procedure for Arbitration, and 9 U.S.C. § 9.

## PRAYER

Optimum respectfully requests the Court to enter an order confirming the Final Award as the judgment of the Court, and in that judgment direct that all relief granted by the Final Award

in favor of Optimum be immediately enforceable against EEPPMC. A proposed Order Confirming Arbitration Award is attached as **Exhibit "3"**.

Respectfully submitted,

*/s/ Christopher M. Staine*
Christopher M. Staine
State Bar No. 24104576
CROWE & DUNLEVY
A Professional Corporation
2525 McKinnon Street, Suite 425
Dallas, TX 75201
(214) 420-2163
(214) 736-1762 (Facsimile)
christopher.staine@crowedunlevy.com
**ATTORNEY FOR OPTIMUM LABORATORY SERVICES, LLC**

# VERIFICATION

STATE OF _Oklahoma_ )
) SS:
COUNTY OF _Creek_ )

I, _Albert F. Sanchez_, of lawful age, being first duly sworn upon oath, state that I have read the foregoing *Petition and Application for Order to Confirm Arbitration Award*, that I am familiar with the matters set forth therein, and that the same is true and correct to the best of my knowledge and belief.

Optimum Laboratory Services LLC
_Albert F. Sanchez_
Name: Albert F. Sanchez
Title: CEO

Subscribed and sworn to before me this _10_ day of _January_, 2020.

_Jo Ann Bolton_
Notary Public

My Commission Expires:

_March 28, 2021_
(SEAL)

JO ANN BOLTON
Notary Public – State of Oklahoma
Commission Number 13003004
My Commission Expires Mar 28, 2021

5